IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSELLA A. HARPER, on behalf of herself and all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| TRANS UNION, LLC, et al. | : | NO. 04-3510 |

O'NEILL, J.                                                                                                                                                                                                            February 19, 2009

MEMORANDUM

On July 23, 2004, plaintiff Rosella A. Harper filed a class action complaint against defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC. She alleges that defendants, three credit reporting agencies (CRAs), engaged in the business of assembling, evaluating and dispersing information regarding the class' consumer credit histories for the purpose of furnishing consumer credit reports to third parties and violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b), by generating credit reports which incorrectly noted that she and the members of the putative class had filed for bankruptcy protection. Plaintiff previously opted out of a consolidated class action in the United States District Court for the District of South Carolina that asserted identical claims against defendants (the Clark litigation).[1]

Plaintiffs in the Clark litigation initiated their class action lawsuit against defendants on

---

[1] The prior actions in the District of South Carolina were: Franklin E. Clark v. Experian Information Solutions, Inc., No. 8:00-1217-24; Franklin E. Clark and Latanjala Denise Miller v. Equifax Inc. and Equifax Information Services, Inc., No. 8:00-1218-24 and Franklin E. Clark v. Trans Union Corp. and Trans Union L.L.C., No. 8:00-1219-24. The District Court did not reach the merits of plaintiffs' FCRA claims but granted class certification and approved a settlement agreed to by the parties.

April 20, 2000 and submitted a motion for class certification on August 9, 2000. The District Court denied that motion on March 19, 2001 asserting that plaintiffs' effort to recover only statutory damages jeopardized the class members' rights to seek alternative grounds of relief in a subsequent case. The Clark plaintiffs submitted an amended class action complaint on July 30, 2001 including alternative causes of action and renewing their motion for class certification. The renewed motion was granted on June 26, 2002. Clark v. Experian Info. Solutions, Inc., 2002 WL 2005709 (D.S.C. June 26, 2002). The Clark class consisted of each individual consumer: (1) who was the subject of a credit report issued by one of the three defendant CRAs at any time between and including April 20, 1998 and July 31, 2003; (2) who had not filed for bankruptcy during the ten-year period preceding the issue of the credit report; and (3) whose credit report contained a reference to bankruptcy (the bankruptcy remark).

After the certification of the Clark class, the parties entered mediation and constructed a settlement framework. A total of 3,718 individuals, including plaintiff, opted out of the class action settlement before the opt-out deadline of September 15, 2003. After a fairness hearing, the District Court refused to approve the original terms of the settlement on October 2, 2003. Further settlement negotiations resulted in changed settlement terms, including an agreement from defendants to remove all references to bankruptcy from the individual consumers' credit reports, and on January 14, 2004, after a second fairness hearing, the District Court entered an Order approving settlement.

On July 23, 2004, plaintiff initiated the present action for damages. The putative class consists of those 3,718 consumers who opted out of the settlement in the Clark litigation. The claims here are identical to those in the Clark litigation. Plaintiff alleges that defendants failed to

follow reasonable procedures to assure the "maximum possible accuracy" of information contained in consumer credit reports in violation of the FCRA.  Plaintiff further alleges that inaccuracies in credit reports caused harm to plaintiff and the class members, e.g., harm to credit standing, higher interest rates when obtaining credit and denial of credit.

On December 20, 2006, I denied plaintiff's motion for class certification.  On April 24, 2007, the Court of Appeals granted plaintiff's petition for interlocutory appeal of that decision.  On November 26, 2008, the Court stayed the appeal pending my disposition of defendants' motions for summary judgment on the issue of whether they can be found to have willfully violated the FRCA under Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).  Immediately thereafter, I denied plaintiff's motion for a stay of defendants' motions for summary judgment and ordered the parties to submit responses and replies.  Presently pending before me are a motion for summary judgment on plaintiff's willfulness claims filed by defendants Trans Union and Equifax, a motion for summary judgment filed by defendant Experian, and responses and replies thereto.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an

3

element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255. Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party therefore must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d Cir. 1972).

DISCUSSION

The Fair Credit Reporting Act provides that: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.A. § 1681e(b). Defendants argue that they are entitled to summary judgment because the bankruptcy remark in plaintiff's credit report was technically accurate and not misleading and

defendants followed reasonable procedures to assure accuracy.

In this case, parties dispute whether inclusion of the bankruptcy remark in credit reports of those who have not filed for bankruptcy is misleading. The public record section, not the bankruptcy remark, reports if the consumer at issue had filed for bankruptcy. Credit reports of consumers who actually file for bankruptcy have a notation in the "public record" section which provides the bankruptcy chapter, docket number and other relevant information about the bankruptcy. The bankruptcy remark is how the lending industry communicates that a particular joint account was included in a bankruptcy. Plaintiff admits that she and her sister were joint holders on a mortgage loan and that her sister filed for bankruptcy. Harper's credit report contained a bankruptcy remark in the mortgage loan tradeline. She contends that this remark was misleading to potential creditors and caused her to be denied credit.

However, I need not make a finding on whether the bankruptcy remark was accurate and/or misleading because, even if it were inaccurate and/or misleading, under the § 1681n[2] wilfulness standard defendant's beliefs that their procedures were reasonable and accurate under the law are not objectively unreasonable; therefore, defendants are entitled to summary judgment on plaintiff's willfulness claim.[3]

---

[2] 15 U.S.C. § 1681n provides that any "person who willfully fails to comply with any requirement under this subchapter with respect to any consumer is liable to that consumer" for actual and punitive damages. <u>Hernandez v. Lamboy Furniture, Inc.</u>, 2008 WL 4061344, at *8 (E.D. Pa. Sept. 2, 2008).

[3] As I make no finding on whether the bankruptcy remark was misleading, I also need not address the parties dispute as to whether the <u>Koropoulos v. The Credit Bureau, Inc.</u>, 734 F.2d 37 (D.C. Cir. 1984) standard applies. I also need not rule upon defendant Experian's motion in limine within their reply that affidavits of Evan Hendricks should be excluded for failure to comply with Fed. R. Civ. P. 56(e)(1).

Whether a CRA has acted in "willful noncompliance" with the FCRA under § 1681n is an objective assessment that encompasses actions taken in reckless disregard of the FCRA's obligations. Safeco, 551 U.S. 47, 127 S.Ct. at 2208-10, 2215. "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 2215. Where the reading has "a foundation in the statutory text . . . and a sufficiently convincing justification," it is not an objectively unreasonable interpretation of the FCRA, even if the court reviewing the company's reading disagrees. Id. at 2216. A reading will be unreasonable when "the business subject to the [FCRA] had the benefit of guidance from the courts of appeals or the Federal Trade Commission . . . that might have warned it away from the view it took." Id.

Here, defendants reading of § 1681e(b) to permit inclusion of the bankruptcy remark is not objectively unreasonable. No FTC action or appellate court decision existed at the time to warn CRAs that their procedure of including the bankruptcy remark were not reasonable or that inclusion of the bankruptcy remark would be inaccurate. In fact, decisions of federal appellate and district courts supported the defendants' interpretation of the FCRA's accuracy requirements. Both Dickens v. Trans Union Corp, 18 Fed. Appx. 315 (6th Cir. 2001) and Heupel v. Trans Union LLC, 193 F. Supp.2d 1234 (N.D. Ala. 2002), held that the bankruptcy remark complied with the accuracy requirements of § 1681e(b). Plaintiff has provided no evidence that defendants acted in willful noncompliance in their adoption of procedures relating to inclusion of the

6

bankruptcy remark prior to the Clark litigation nor relevant case law to the contrary.[4]

Therefore, I will grant defendants' motions for summary judgment on the sole issue of willful noncompliance with the FCRA.[5]

---

[4] The cases related to the bankruptcy remark at most suggest that a genuine issue of material fact exists in those cases as to whether the bankruptcy remark misled potential creditors and two of the cases were issued after the decision in the Clark litigation and so could not have warned defendants that they were engaged in an unreasonable reading of the statute. See e.g., Smith v. Ohio Savings Bank, F.S.B., 2009 WL 2704719 (D. Nev. July 7, 2008); Evantash v. G.D. Capital Mortgage Services, Inc., 2003 WL 22844198 (E.D. Pa. Nov. 25, 2003); Spellman v. Experian Information Solutions, Inc., 2002 WL 799876 (D. Nev. Jan. 10, 2002). Other cases related to unrelated credit reference. See e.g., Sepulvado v. CSC Credit Services, Inc., 158 F.3d 890 (5th Cir. 1998).

[5] Plaintiff has requested discovery on the merits of the issue of willfulness including information about defendants' procedures by which they reached the conclusion that they were permitted to report the bankruptcy reference, suggesting that defendants must prove that they relied on the Dickens opinion to be protected under SafeCo. However, though discovery in this case prior to the denial of class certification was bifurcated to focus on certification, SafeCo's standard is an objective one and no further discovery is required.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSELLA A. HARPER, on behalf of herself and all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| TRANS UNION, LLC, et al. | : | NO. 04-3510 |

**ORDER**

AND NOW, this    19th    day of February 2009, upon consideration of defendants' motions for summary judgment on the wilfulness claim, plaintiff's responses, and defendants' replies thereto, it is hereby ORDERED that defendants' motions for summary judgment are GRANTED. As there is no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), I hereby enter judgment for defendants and against plaintiffs on the wilfulness claim.

                                                 /s/ THOMAS N. O'NEILL, JR.
                                                 THOMAS N. O'NEILL, JR., J.